52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Clyde DANIELS; District 17, United Mine Workers of America,
Plaintiffs-Appellees,
v.
SOVEREIGN COAL CORPORATION, Defendant-Appellant.
 No. 94-6062.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1995.
 
 1
 Before: BOGGS and BATCHELDER, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 Sovereign Coal Corporation appeals a district court judgment granting summary judgment for plaintiffs in this action filed pursuant to 29 U.S.C. Sec. 185 to enforce the benefits provisions of a labor agreement. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and injunctive relief, Clyde Daniels and the United Mine Workers sued Sovereign seeking the award of health benefits. Daniels was awarded social security disability benefits on March 9, 1992. Daniels then applied to the UMWA Health and Retirement Funds for a disabled miner's pension, which was also approved. Daniels applied to Sovereign for reinstatement of health benefits on the basis of his social security and pension benefits. Sovereign denied Daniels's request for health benefits.
 
 
 4
 After the denial, Daniels applied to the plan's trustees to resolve his dispute with Sovereign. The trustees subsequently awarded Daniels health benefits. Despite the trustees' decision, Sovereign still refused to grant Daniels benefits.
 
 
 5
 Daniels and the UMW filed suit to seek enforcement of the trustees' decision. The parties filed cross-motions for summary judgment. Upon review, the district court granted summary judgment for Daniels and the UMW.
 
 
 6
 In its timely appeal, Sovereign argues that: 1) the district court erred in giving deference to the trustees' decision; 2) the trustees denied Sovereign due process; and 3) Daniels was not entitled to benefits.
 
 
 7
 Absent a clear grant of discretion in an employee's health benefit plan, the district court's review is de novo. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Anderson v. Great West Life Assurance Co., 942 F.2d 392, 395 (6th Cir.1991). However, Article XX(e)(6) of the National Bituminous Coal Wage Agreement of 1988 clearly grants discretion to the plan's trustees to make rules and regulations, and to make full and final determinations concerning an individual's eligibility for benefits. Therefore, the standard of review applicable in this case is whether the trustees' decision was arbitrary or capricious, not supported by substantial evidence, or was contrary to law. Daniel v. Eaton Corp., 839 F.2d 263, 267 (6th Cir.), cert. denied, 488 U.S. 826 (1988); Odom v. United Mine Workers Health and Retirement Funds, 687 F.2d 843, 846 (6th Cir.1982); see also Baker v. United Mine Workers Health and Retirement Funds, 929 F.2d 1140, 1144 (6th Cir.1991) (per curiam).
 
 
 8
 Upon review, we conclude that the district court properly affirmed the trustees' decision. In order to be entitled to benefits, Daniels is only required to show that his back injury caused or was substantially responsible for his disability, not that it was the sole cause of his disability. See Robertson v. Connors, 848 F.2d 472, 476 (4th Cir.1988). If the specific disability found for social security disability purposes was based on an injury's effect in exacerbating a preexisting condition or in combining with a pre- or post-accident condition, the whole range Retirement Funds, 873 F.2d 57, 60 (4th Cir.1989); Robertson, 848 F.2d at 475-76. The mine accident resulting in Daniel's back impairment substantially contributed to his disability.
 
 
 9
 Sovereign contends that the district court erred by giving complete deference to the trustees' decision by not conducting a de novo review of the medical evidence in the record. However, the district court cannot conduct a de novo review of the evidence because the trustees have been given the discretion to make the final determination on an individual's eligibility for benefits. The district court can only reverse the trustees' decision if it is arbitrary, not supported by substantial evidence, or is contrary to law. Daniel, 839 F.2d at 267; Odom, 687 F.2d at 846. As Daniels's back condition was substantially responsible for his disability, the district court could not reverse the trustees' award of benefits.
 
 
 10
 Sovereign argues that the trustees violated its due process rights by summarily adopting the Social Security Administration's disability determination. Sovereign concedes, however, that the trustees requested Sovereign to present evidence supporting its position before the trustees reached their decision. As Sovereign was given the opportunity to respond to Daniels's request for benefits, Sovereign was not denied due process.
 
 
 11
 Finally, Sovereign argues that Daniels was not entitled to benefits under the benefit plan. However, because Daniels's back injury was a component of his disability, Daniels was entitled to benefits. The back injury does not have to be the sole cause of Daniels's disability.
 
 
 12
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation